## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN TEXTILE COMPANY, INC.,<br>a Pennsylvania Corporation<br>10 North Linden Street<br>Duquesne, Pennsylvania 15110 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SERTA, INC.<br>a Delaware Corporation<br>2600 Forbs Avenue<br>Hoffman Estates, Illinois 60192 | ) ) ) ) ) | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |
| and | ) ) | |
| SPRINGS GLOBAL US, INC.<br>a Delaware Corporation<br>205 N. White Street<br>Fort Mill, South Carolina 29715 | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff American Textile Company, Inc. ("ATC" or "Plaintiff"), by and through its undersigned counsel, H. Jay Spiegel & Associates and Cohen & Grigsby, P.C., files this Complaint.

1.      ATC is a well-known and highly regarded manufacturer and distributor primarily of bedding products with a particular emphasis on pillows, pillow covers, mattress covers, and mattress pads.  Plaintiff commenced business in 1925 and has conducted business in the Pittsburgh metropolitan area continuously for over 90 years.  ATC has established itself has a preeminent player in the bedding industry, and it works vigorously to protect its hard-earned

reputation.  In late July of this year, Plaintiff became aware that Defendants were selling bedding products bearing an expression nearly identical to one for which Plaintiff holds a trademark. Despite Plaintiff's attempts to work amicably with Defendants to address Defendants' improper use of Plaintiff's mark, Defendants have failed to remove the offending products from circulation and have engaged in other unfairly competitive conduct with regard to the offending products.

## Parties

2.      Plaintiff is a Pennsylvania corporation with its principal place of business located at 10 North Linden Street, Duquesne, PA 15110.

3.      Upon information and belief, Defendant Serta, Inc. ("Serta") is a Delaware corporation having a place of business at 2600 Forbs Avenue, Hoffman Estates, IL 60192.

4.      Upon information and belief, Defendant Springs Global US, Inc. ("Springs") is a Delaware corporation having a place of business at 205 N. White Street, Fort Mill, SC 29715.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter and parties under Section 39 of the Federal Trademark Act, 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331, 1338(a)(b), and 1367(a).

6.      This Court has personal jurisdiction over Serta and Springs (collectively referred to as "Defendants"), because, pursuant to the Pennsylvania Long-Arm statute, 42 Pa. Cons. Stat. § 5322 (2015), Defendants have substantial and continuous business contacts with the Commonwealth of Pennsylvania, sell or offer to sell goods within the Commonwealth of Pennsylvania, have committed and continue to commit acts of federal trademark infringement, unfair competition and false designation of origin in the Commonwealth of Pennsylvania, and have caused harm or tortious injury in the Commonwealth of Pennsylvania by acts or omissions

outside the Commonwealth of Pennsylvania, all of these actions on the part of Defendants occurring specifically within this judicial district.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(d) because Defendants are subject to jurisdiction in this judicial district, regularly conduct business in this judicial district, offer products for sale in this judicial district bearing packaging that infringes Plaintiff's intellectual property rights, have derived substantial revenue and profits from the sale of their infringing products in this judicial district to Plaintiff's detriment, and because a substantial part of the events or omissions giving rise to the claims set forth herein have occurred in this judicial district.

<u>**Facts**</u>

8.     On November 9, 2004, Plaintiff applied with the U.S. Patent and Trademark Office ("USPTO") for registration of the mark "ALLERGY DEFENSE" in standard characters for bed pillows in International Class 20.  The application was assigned Serial No. 76/978,574. The application claimed a date of first use at least as early as June 30, 2006.  The application matured into Federal Registration No. 3,275,969 (the "'969 registration") on August 7, 2007. (Exhibit 1.)  Plaintiff has used the "ALLERGY DEFENSE" mark on pillows sold in interstate commerce since the date of first use and to date.

9.     On May 15, 2013, an Affidavit was filed under §§ 8 and 15 of the Trademark Act, 15 U.S.C. §§ 1058 and 1065, respectively, declaring continuing use of the mark registered in the '969 registration, in interstate commerce and requesting a finding of incontestability.  On June 3, 2013, the USPTO accepted the Section 8 declaration and acknowledged the Section 15 declaration.  (Exhibit 2.)  Accordingly, the '969 registration remains in full force and effect and

is incontestable.  Plaintiff has invested a considerable sum of money in establishing, enhancing, and maintaining the goodwill symbolized by the mark covered by the '969 registration.

10.     On November 9, 2004, Plaintiff applied with the USPTO for registration of the mark "ALLERGY DEFENSE" in standard characters for fabric pillow protectors, namely, pillow covers, fabric mattress protectors, namely, mattress covers, quilted fabric mattress pads in International Class 24.  The application was assigned Serial No. 76/619,856.  The application claimed a date of first use at least as early as September 30, 2005.  The application matured into Federal Registration No. 3,325,230 (the '230 registration) on October 30, 2007.  (Exhibit 3.) Plaintiff has used the "ALLERGY DEFENSE" mark on pillow covers, mattress covers, and quilted mattress pads since the date of first use and to date.

11.     On May 14, 2013, an Affidavit was filed under §§ 8 and 15 of the Trademark Act, 15 U.S.C. §§ 1058 and 1065, respectively, declaring continuing use of the registered mark in the '230 registration in interstate commerce and requesting a finding of incontestability.  On June 1, 2013, the USPTO accepted the Section 8 declaration and acknowledged the Section 15 declaration.  (Exhibit 4.)  Accordingly, the '230 registration remains in full force and effect and is incontestable.  Plaintiff has invested a considerable sum of money in establishing, enhancing, and maintaining the goodwill symbolized by the mark covered by the '230 registration.

12.     In late July 2016, Plaintiff discovered that pillows were being sold in a Big Lots store within the jurisdiction of this Court as well as online on the Big Lots website.  Exhibit 5 shows an image of the packaging for these pillows.  The packaging prominently displays the "Serta" trademark as well as the wording "ALLERGEN DEFENSE" in large, prominent type style just below the Serta mark.  Also included in Exhibit 5 is an image of a receipt evidencing

purchase of such a pillow on October 11, 2016, from a Big Lots store in Homestead, PA, within the jurisdiction of this Court.

13.     Given the similarity to Plaintiff's "ALLERGY DEFENSE" marks, Plaintiff's counsel promptly sent a letter to Serta's counsel requesting that Serta cease and desist from selling pillows bearing packaging displaying the wording "ALLERGEN DEFENSE."  (Exhibit 6.)  Plaintiff also distributes its goods to Big Lots stores.

14.     In response to Plaintiff's letter (Exhibit 6), counsel for Springs replied, explaining that Plaintiff's letter had been forwarded to the Springs' counsel for review and response. (Exhibit 7.)  The letter from the Springs' counsel stated:  "Without addressing the issue of whether Springs' use of 'ALLERGEN DEFENSE' infringes ATC's trademark, I can advise that Springs Global US, Inc., has permanently ceased the production of merchandise including the descriptive phrase 'ALLERGEN DEFENSE.'"

15.     On information and belief, a license agreement exists between Serta and Springs in which Springs is permitted to use the Serta mark on packaging for its goods in exchange for payment of a license fee.  On information and belief, the license agreement, if valid and enforceable, obligates Serta to maintain the nature and quality of the goods sold under its Serta mark including the obligation to approve all product packaging and the quality of the goods sold.

16.     After receiving the letter from Springs' counsel, Plaintiff became aware that a mattress protector bearing the "ALLERGEN DEFENSE" wording is being sold by or on behalf of Serta in Target stores and a pillow is being sold by or on behalf of Serta in Kohl's stores bearing the "ALLERGEN DEFENSE" wording.  Exhibit 8 shows images of advertising of the mattress protector in Target and the pillow in Kohl's as well as a receipt evidencing purchase of

the pillow on October 12, 2016, from Kohl's.  Plaintiff also sells its goods in Kohl's and Target stores.

17.     When Plaintiff discovered the availability of Defendants' "ALLERGEN DEFENSE" products in these additional stores, Plaintiff's counsel promptly sent another letter to Serta's counsel on October 7, 2016.  (Exhibit 9.)  The letter referred to the earlier letter (Exhibit 6), reiterated the demands to cease and desist, pointed out that the infringement had become willful, and requested a full accounting.

18.     Apparently, Serta's counsel forwarded the letter (Exhibit 9) to Springs' counsel, who responded in an e-mail dated October 11, 2016 (Exhibit 10) referring to Springs' previous letter of August 23, 2016 (Exhibit 7).

## COUNT I  (TRADEMARK INFRINGEMENT)

19.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 18 of its Complaint as if fully set forth herein.

20.     Plaintiff's "ALLERGY DEFENSE" marks covered by the '969 and '230 registrations have been in continuous use for over 10 years.  These registrations are incontestable under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

21.     The wording "ALLERGEN DEFENSE" displayed prominently on the packaging of Defendants' pillows, which are sold in interstate commerce, creates a likelihood of confusion with Plaintiff's "ALLERGY DEFENSE" mark covered by the incontestable '969 registration. The respective goods are substantially identical and the wording "ALLERGEN DEFENSE" is virtually identical to "ALLERGY DEFENSE."  The respective pillows are provided to the same class of consumers in the same channels of trade.  Accordingly, consumers are likely to be confused as to the source of the pillows being provided.

-6-

22.     Similarly, the wording "ALLERGEN DEFENSE" displayed prominently on the packaging of Defendants' mattress protectors, which are sold in interstate commerce, creates a likelihood of confusion with Plaintiff's "ALLERGY DEFENSE" mark covered by the incontestable '230 registration.  The respective goods are substantially identical and the wording "ALLERGEN DEFENSE" is virtually identical to "ALLERGY DEFENSE."  The respective mattress protectors are provided to the same class of consumers in the same channels of trade. Accordingly, consumers are likely to be confused as to the source of the mattress protectors being provided.

23.     As a result of Defendants' conduct as set forth herein, Defendants are likely to cause consumer confusion, mistake, and deception in that the close relation between "ALLERGEN DEFENSE" and "ALLERGY DEFENSE" for the same goods and in the same channels of commerce suggests an affiliation between Plaintiff and Defendants that does not exist.

24.     As a result of Defendants' conduct as set forth herein, consumers could be confused and induced to purchase Defendants' pillows or mattress protectors mistakenly believing them to be Plaintiff's pillows or mattress protectors, respectively, thus depriving Plaintiff of the profits from sales of pillows and mattress protectors bearing one or the other of its federally registered marks.

25.     On information and belief, Defendants' use of the confusingly similar wording "ALLERGEN DEFENSE" has caused actual consumer confusion in the marketplace that is likely to continue among consumers who believe, contrary to fact, that Defendants' pillows and mattress protectors are provided by or emanate from, or otherwise are sponsored or approved by Plaintiff.

-7-

26.     Defendants' conduct described *supra* constitutes trademark infringement under 15 U.S.C. § 1114(1).

27.     Moreover, Defendants' conduct as set forth *supra* is wrongful, malicious, deliberate, willful, and intentional, and has caused and will continue to cause harm to Plaintiff.

28.     Unless enjoined by this Court, pursuant to 15 U.S.C. § 1116, from using the wording "ALLERGEN DEFENSE," Defendants have and will continue to infringe Plaintiff's "ALLERGY DEFENSE" mark, thereby deceiving the public and causing and continuing to cause immediate and irreparable injury for which Plaintiff has no adequate remedy at law, as well as damages in the nature of lost revenues, lost profits, and consequential damages.

## COUNT II   (FEDERAL UNFAIR COMPETITION)

29.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 28 of its Complaint as if fully set forth herein.

30.     Defendants have engaged in acts of unfair competition under Section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

31.     The wording "ALLERGEN DEFENSE" employed by Defendants on packaging for pillows and mattress protectors constitutes a false designation of origin within the meaning of 15 U.S.C. § 1125(a)

32.     This false designation of origin is likely to confuse or deceive, and already has confused and deceived, the public as to the source, sponsorship, and/or approval of the pillows and mattress protectors offered for sale and sold by Defendants.

33.     As a result of the false designation of origin, Plaintiff has suffered and will continue to suffer immediate and irreparable injury for which it has no adequate remedy at law, and damages in the nature of lost revenue, lost profits, and consequential damages.

34.     Defendants' conduct as set forth *supra* is wrongful, malicious, deliberate, willful, and intentional, and has caused and will continue to cause harm to Plaintiff.

35.     Such conduct constitutes unfair competition on the part of Defendants and is causing, has caused, and—unless enjoined—will continue to cause Plaintiff immediate and irreparable injury for which it has no adequate remedy at law, and damages in the nature of lost revenue, lost profits, and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that:

(1)    The Court enter judgment that:

(a)    Defendants have infringed Plaintiff's federally registered "ALLERGY DEFENSE" mark, embodied in the incontestable '969 and '230 registrations, under Section 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1);

(b)    Defendants have unfairly competed with Plaintiff under Section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a);

(c)    Defendants' use of the wording "ALLERGEN DEFENSE" misrepresents the source or sponsorship of their pillows provided within the meaning of Section 43 of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1)(A);

(d)    Defendants are using the wording "ALLERGEN DEFENSE" in a deceptive manner that falsely suggests a connection with Plaintiff within the meaning of Section 2(a) of the Federal Trademark Act, 15 U.S.C. § 1052(a);

(e)    Defendants are using the wording "ALLERGEN DEFENSE" in a manner that is likely to cause confusion within the meaning of Section 2(d) of the Federal Trademark Act, 15 U.S.C. § 1052(d); and

-9-

(f)    Defendants have otherwise injured Plaintiff's business reputation by using the wording "ALLERGEN DEFENSE" in the manner complained of herein.

(2)    The Court enter an order that Defendants and all others in privity or acting in concert with them be preliminarily and permanently enjoined from:

(a)    Using Plaintiff's "ALLERGY DEFENSE" mark, the wording "ALLERGEN DEFENSE," or any other marks, trade names, domain names, or designations confusingly similar thereto;

(b)    Otherwise infringing or diluting the distinctive quality of the "ALLERGY DEFENSE" mark; and

(c)    Unfairly competing with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein.

(3)    The Court enter an order awarding Plaintiff Defendants' profits including any licensing revenue received by Serta, all damages sustained by Plaintiff, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

(4)    The Court enter an order deeming this case an "exceptional case" and awarding Plaintiff its reasonable attorneys' fees expended in litigating the issues, pursuant to 15 U.S.C. § 1117(a).

(5)    The Court enter an order pursuant to 15 U.S.C. § 1118 directing Defendants to recall from their customers all products bearing the wording "ALLERGEN DEFENSE" and deliver all labels, signs, prints, packages, wrappers, receptacles, products, shipping cartons, and advertisements in the possession of Defendants bearing the wording "ALLERGEN DEFENSE" for destruction.

-10-

(6)   The Court enter an order granting Plaintiff such other relief as the Court deems necessary and appropriate.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,


/s/ <u>David F. Russey</u>

| | |
|---|---|
| H. Jay Spiegel | David F. Russey |
| Virginia Bar No. 20647 | Pa. ID No. 84184 |
| H. Jay Spiegel & Associates | Christina Manfredi McKinley |
| P.O. Box 11 | Pa. ID No. 320002 |
| Mount Vernon, VA 22121 | COHEN & GRIGSBY, P.C. |
| Telephone: (703) 619-0101 | 625 Liberty Avenue |
| Facsimile: (703) 619-0110 | Pittsburgh, PA 15222 |
| Email:  jayspiegel@aol.com | Telephone:  (412) 297-4900 |
| | Facsimile:  (412) 209-0672 |
| | E-mail:  drussey@cohenlaw.com |
| |          cmckinley@cohenlaw.com |

Dated:  October 18, 2016                    *Counsel for Plaintiff, American Textile Company, Inc.*